# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Criminal Action No. 18-112-03 (RMC) |
| JAMAR GAGE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Jamar Gage requests the Court to reconsider its previous decision to deny release pending trial pursuant to 18 U.S.C. § 3142. Mr. Gage is charged by indictment with one count of conspiracy to distribute and possess with intent to distribute one kilogram or more of a mixture and substance containing a detectable amount of phencyclidine (PCP) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iv). Indictment [Dkt. 1] at 1-2. The Court held a second bond review hearing on June 18, 2019. At its conclusion the Court ordered the parties to submit supplemental briefing. Having considered the proffers and arguments of counsel and the entire record herein, the Court will deny Mr. Gage's motion. This memorandum is prepared in compliance with the statutory obligation that "the judicial officer shall . . . include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

### I. FINDINGS OF FACT

The facts of Mr. Gage's arrest and alleged offense were described in detail in the Court's November 28, 2018 Detention Memorandum and will not be repeated here. *See* Detention Mem. [Dkt. 49] at 1-3. Only the additional evidence presented by Mr. Gage will be discussed.

1

The second detention hearing was focused entirely on Mr. Gage's request for 24-hour home confinement to care for his mother, who he argued in his motion is ill. In his supplemental brief to the Court, Mr. Gage changed his request to work release, so that he may provide financially for his mother. The Court heard testimony from (1) Mr. Gage's previous supervisor at the D.C. Department of Public Works, Allen Perry; (2) Mr. Gage's mother, Carolyn Jenkins Gage; and (3) Mr. Gage. The Court makes the following additional findings of fact:

Mr. Perry supervised Mr. Gage from 2017 to 2018 and found him to be a good worker. If Mr. Gage were released, Mr. Perry would assist Mr. Gage in an effort to get his job back. Although Mr. Perry was concerned with the nature of the pending charges, he believed only a conviction would prevent Mr. Gage from further employment with Public Works. Mr. Perry is a supervisor but has no hiring authority.

In March 2019, Carolyn Jenkins Gage suffered from a collapsed lung and was required to take about one month off and then to work only part-time in her position as a substitute teacher until the end of the school year. Ms. Gage supports herself financially. Despite her recent health situation, she has managed to take care of all the household chores, get groceries, and work part time. If released, Mr. Gage could live with his mother.

## II.    LEGAL STANDARD

The Bail Reform Act of 1984, 18 U.S.C. § 3142 *et seq.*, provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e)(1). Thus, even if a defendant is not considered a flight risk, his or her danger to the community alone is sufficient reason to order pretrial detention. *See United States v. Salerno*, 481 U.S. 739, 755 (1987). Where the judicial

officer's justification for detention is premised upon the safety of the community, the decision must be supported by "clear and convincing evidence." 18 U.S.C. § 3142(f). Where the justification for detention is risk of flight, the decision must be supported by a preponderance of the evidence. *See United States v. Simpkins*, 826 F.2d 94, 96 (D.C. Cir. 1987).

Section 3142 imposes a rebuttable presumption of dangerousness or flight risk on certain defendants based on the crimes charged, prior convictions, or similar considerations. *See* 18 U.S.C. § 3142(e)(2), (3). In such circumstances, "the indictment alone [is] enough to raise the rebuttable presumption that no condition would reasonably assure the safety of the community." *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996). Mr. Gage has been indicted on one count under the Controlled Substances Act, which carries a maximum term of imprisonment of more than ten years. *See* 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iv). This offense triggers the rebuttable presumption of § 3142(e)(3)(A), which provides that "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure [(1)] the appearance of the person as required and [(2)] the safety of the community if the judicial officer finds that there is probable cause to believe that the [defendant] committed . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." 18 U.S.C. § 3142(e)(3)(A).

Once the rebuttable presumption is triggered, it "operate[s] at a minimum to impose a burden of production on the defendant to offer some credible evidence contrary to the statutory presumption." *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985) (emphasis omitted). "While the burden of production may not be heavy, the applicable cases all speak in terms of a defendant's obligation to introduce 'evidence.'" *United States v. Lee*, 195 F. Supp. 3d 120, 125 (D.D.C. 2016) (citations omitted). Thus, a defendant cannot offer mere speculation, but

must present "some credible evidence" or basis to find that the presumption has been rebutted in his case. *Alatishe*, 768 F.2d at 371; *see also United States v. Portes*, 786 F.2d 758, 764 (7th Cir. 1985) (finding presumptions in section 3142(e) "are 'rebutted' when the defendant meets a 'burden of production' by coming forward with some evidence that he will not flee or endanger the community if released"); *United States v. Taylor*, 289 F. Supp. 3d 55, 64 (D.D.C. 2018) (finding the defendant came "forward with sufficient evidence to meet his burden of production, overcoming but not 'bursting' the presumption").

That said, the burden of persuasion on the issue of detention remains, as always, with the government. *See United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001). But even where the defendant offers evidence to rebut the presumption, the presumption is not erased. It is "not a 'bursting bubble' that becomes devoid of all force once a defendant has met his burden of production." *Taylor*, 289 F. Supp. 3d at 63 (quoting *United States v. Jessup*, 757 F.2d 378, 382 (1st Cir. 1985)). Rather, even after the defendant meets his burden of production, the presumption "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986); *see also Taylor*, 289 F. Supp. 3d at 63 ("[T]he judicial officer must 'keep in mind the fact that Congress has found that' those charged with the specified offenses are likely to pose a danger to the community." (quoting *Jessup*, 757 F.2d at 384)).

After a court has determined that detention is appropriate, "[t]he hearing may be reopened . . . if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are

conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

## III. ANALYSIS

The Court previously found, and Mr. Gage conceded, that the rebuttable presumption in favor of pretrial detention under 18 U.S.C. § 3142(e)(3)(A) applies here. In the prior detention hearing, the Court found that Mr. Gage failed to rebut the presumption and that no condition or combination of conditions exists that would reasonably assure the safety of any other person or of the community if Mr. Gage were released, and that he was a flight risk. *See* Detention Mem. at 6-10. Mr. Gage now seeks to reopen his detention hearing and present evidence that his mother is ill and needs his assistance at home and that he might be able to get his job back at Public Works if he is released. A court may only reopen a detention hearing when information is located that was unavailable at the time of the initial hearing. Since the November 2018 detention hearing, Mr. Gage's mother has experienced a significant health event, however, by the time Mr. Gage filed his motion requesting release to assist in caring for his mother she was already back at work.[1] The Court finds that Mr. Gage has failed to demonstrate that his mother is in need of his care, or why such a need would rebut the presumption of detention in this case.

The Court is similarly unpersuaded by the possibility that Mr. Gage could regain employment with D.C. Public Works. The Court accepts Mr. Perry's testimony that he would attempt to assist Mr. Gage with his rehiring, however, Mr. Perry himself acknowledged that he has no power to hire Mr. Gage nor has other involvement in the hiring process. Additionally,

---

[1] Mr. Gage filed his motion on May 28, 2019 and Ms. Gage indicated that she was back to working three days a week in May.

Mr. Gage points to no legal authority for the proposition that the potential for employment upon release is sufficient to rebut the presumption against release in this case.

## IV.  CONCLUSION

Having considered the new evidence presented at the June 18, 2019 hearing, the Court finds no justification to reopen the detention proceeding and will not reconsider its decision to detain Mr. Gage.  A memorializing Order accompanies this Memorandum Opinion.


Date: July 31, 2019

ROSEMARY M. COLLYER
United States District Judge